Dear Mr. McIlroy:
This letter is in answer to your question asking:
 "Section 571.105 prohibits the possession or control of a machine gun to persons, with the exception of members thereof of the sheriffs, city marshalls or the navy or military forces of this State or of the United States. Deputy Sheriff, Art Fox, of the Pike County Sheriff's office is desirous of obtaining a 1928 Thompson submachine gun serial no. 10631. The question is whether the Statute permits a Deputy Sheriff, as well as a Sheriff, to have such a machine gun in his possession under § 571.105, for official use only."
The facts giving rise to the situation, as stated by you on the Attorney General Opinion request form are as follows:
 "Deputy Sheriff, Art Fox, has located a 1928 Thompson sub-machine gun serial no. 10631, which he desires to have for official use only as a member of the Sheriff's Department of Pike County. The Department of Treasury, Bureau of Alcohol, Tobacco and Firearms in Washington, D.C. has refused to authorize transfer without opinion from the Attorney General of the State of Missouri, authorizing the deputy sheriff to have possession. They refer to § 571.105 Missouri state law, however, they refer to Sheriffs and they had a question whether or not this would pertain to Deputy Sheriffs also."
Your question is, whether or not a deputy sheriff, in addition to a sheriff, falls within the exemption provision of § 571.105, RSMo 1978.
The exemption clause of the above mentioned statute reads as follows:
 "* * * provided, that nothing in this section shall prohibit the sale, delivery, or transportation to police departments, or members thereof, sheriffs, city marshalls or the military or naval forces of this State or of the United States, of the possession and transportation of such machine guns, for official use by the above named officers and military and naval forces in the discharge of their duties."
In reference to your question, it becomes necessary to examine another statute, § 57.270, RSMo 1978 which reads as follows:
 "Every deputy sheriff shall possess all the powers and may perform any of the duties prescribed by law to be performed by the sheriff."
After reviewing the exemption provision of § 571.105, RSMo 1978 in conjunction with § 57.270, RSMo 1978, it seems evident that the legislature intended deputy sheriffs be exempted from the provisions of § 571.105 in accordance with the execution of any official duties during the period that they are commissioned as deputy sheriffs. Further, reference should be made to the enclosed opinion of this office, Op. Attorney Gen. No. 99, Dalton, May 24, 1956 (Mo.), wherein we were presented with a similar question concerning which persons in a third class county, other than police officers and sheriffs, were exempt from the application of § 564.610, RSMo. 1949.
The exemption clause of that Section read as follows:
 "* * * provided that nothing contained in this section shall apply to legally qualified sheriffs, police officers and other persons whose bona fide duty is to execute process, civil or criminal, make arrests or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through the State."
In reference to that exemption provision, it was stated in Opinion No. 99 at page 2, that "it is clear that sheriffsand their deputies, who have the same powers as the sheriff,
would be exempt." [emphasis added]
Therefore, it is our view that deputy sheriffs, as well as sheriffs, are exempt from the provisions of § 571.105, RSMo 1978, during the period such deputy sheriffs are commissioned as such.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Att'y Gen. Op. No. 99, Dalton, 5/24/56